UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GEORGE ARRIGO, | Case No. CV 15-984 R(JC) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| JACK FOX, Warden, | |
| Respondent. | |

## I.  SUMMARY

On February 11, 2015, petitioner Anthony George Arrigo ("petitioner"), a federal inmate proceeding *pro se* who is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Lompoc, California, filed a "Petition for Relief from Administrative Sanctions Due to Violation of Plaintiff[']s Right to Due Process Pursuant to 28 U.S.C. § 2241," which is effectively a Petition Writ of Habeas Corpus ("Petition").  Petitioner claims he was deprived of due process in connection with a prison disciplinary proceeding in which he was found guilty of possessing a weapon in his cell on September 28, 2012, and was consequently subjected to disciplinary sanctions including a loss of forty (40) days of good conduct time credit.  More specifically, petitioner claims the evidence was insufficient to find him guilty of the charge.

On March 16, 2015, respondent filed an Answer with a declaration of BOP representative Christopher N. Cruz ("Cruz Decl."), and accompanying exhibits ("Cruz Ex."). The Answer and supporting evidence reflect that since the filing of the Petition, the BOP has essentially modified and reduced the above-referenced finding to one of guilt for possessing an unauthorized item (as opposed to a weapon) and has restored the forty (40) days of good time credit. In light of the foregoing, respondent argues that the Petition is no longer cognizable, is moot, and should be dismissed. Alternatively, respondent argues that the Petition should be denied because it is without merit.

Petitioner did not file a Reply and the deadline to do so has now expired.

For the reasons stated below, the Petition should be dismissed.

## II.  BACKGROUND

Petitioner is serving a fifty-one (51) month term of imprisonment as the result of a federal conviction in the District of Oregon. (Cruz Decl. ¶ 4a; Cruz Ex. A). As of March 9, 2015, petitioner's current projected release date, assuming that he earned all remaining available good time credit was April 24, 2016. (Cruz Decl. ¶ 4c; Cruz Ex. A).[1]

On September 28, 2014, a Correctional Officer at the Federal Correctional Institution in Fort Worth, Texas searched the cell in which petitioner and four other inmates were housed. (Petition at 3; Cruz Decl. ¶ 7c; Cruz Ex. C). During the search, the officer found a razor blade attached by a magnet to the outside of the rear of petitioner's locker. (Cruz Decl. ¶ 7c; Cruz Ex. C). As a result, all four inmates were charged with possession of a weapon. (Cruz Ex. C).

On October 4, 2014, the above-referenced Correctional Officer wrote an incident report charging petitioner with possession of a weapon. (Cruz Decl. ¶ 7a;

---

[1] The Court notes that the publicly available BOP inmate locator website reflects that the current projected release date for petitioner – Register Number 71663-065 – is even earlier, *i,e.*, March 20, 2015. See http://www.bop. gov/inmateloc/ (last visited September 17, 2015).

1  Cruz Ex. C). The report was delivered to petitioner that same day. (Cruz Decl.
2  ¶ 7a; Cruz Ex. C). Petitioner was then afforded the opportunity to make a
3  statement, call witnesses, present documentary evidence and obtain the assistance
4  of a staff representative. (Cruz Decl. ¶ 7b; Cruz Ex. C).

5       The Disciplinary Hearing Officer (DHO) held a disciplinary hearing on
6  October 24, 2012. (Cruz Decl. ¶ 7c; Cruz Ex. C). The DHO considered the
7  reporting Correctional Officer's written statement in the incident report,
8  petitioner's statements to the investigator, the Unit Disciplinary Committee and the
9  DHO, and the pictures of the razor blade found in the locker. (Cruz Decl. ¶ 7c;
10  Cruz Ex. C). Based on the foregoing evidence, the DHO concluded that petitioner
11  was guilty of possession of a weapon. (Cruz Decl. ¶ 7d). As a result, the DHO
12  sanctioned petitioner with the loss of forty (40) days of good conduct time credit,
13  thirty (30) days of disciplinary segregation and the loss of certain electronic
14  messaging for one year. (Cruz Decl. ¶ 7d). The DHO completed the written report
15  on November 1, 2012, and it was delivered to petitioner on December 3, 2012.
16  (Cruz Decl. ¶ 7d).

17       On February 26, 2015, the Disciplinary Hearing Administrator (DHA) for
18  BOP's Western Region reviewed the disciplinary determination made in this
19  matter at the request of BOP counsel. (Cruz Decl. ¶¶ 6, 7; Cruz Ex. B). As a result
20  of such review, the charge against petitioner was reduced from possession of a
21  weapon to possession of an unauthorized item. (Cruz Decl. ¶¶ 5, 8; Cruz Ex. B).
22  The DHA also restored all of the good conduct time credit that had originally been
23  lost as a result of the DHO's findings. (Cruz Decl. ¶¶ 5, 8; Cruz Ex. B). The other
24  disciplinary sanctions imposed (*i.e.*, the terms of administrative segregation and
25  loss of certain electronic messaging) have already been served. (Cruz Decl. ¶ 5;
26  Cruz Ex. B).
27  ///
28  ///

## III. DISCUSSION

### A. Petitioner's Claim Is Moot and No Longer Cognizable

As noted above, petitioner seeks restoration of the good conduct time credit originally disallowed as a result of the above-referenced disciplinary proceedings as well as other related relief from sanctions imposed as a result of the disciplinary findings. (Petition at 7). To the extent petitioner seeks the restoration of good conduct time credit, the Petition is moot. To the extent petitioner seeks other relief, the Petition is not cognizable.

#### 1. Petitioner's Claim Is Moot to the Extent It Seeks Restoration of Good Conduct Time Credit

A federal court's jurisdiction is limited to actual, ongoing cases or controversies. U.S. Const. art. III, § 2; see also Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (discussing same). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)); see also Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (same). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." American Rivers v. National Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation omitted); see also Church of Scientology of California, 506 U.S. at 12 (noting that a case becomes moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party," quoting Mills, 159 U.S. at 653). When an agency has performed the action sought by a plaintiff in litigation, a federal court "lacks the ability to grant effective relief, and the claim is moot." Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency, 581 F.3d 1169, 1173 (9th Cir. 2009) (citation and internal quotation marks omitted); see also Arthur v. Milunsic, 2013 WL 1890335, *1 (C.D. Cal. Mar. 22, 2013) (habeas petition moot where petitioner obtained the custody credit he sought from the

BOP), report and recommendation adopted, 2013 WL 1898821 (C.D. Cal. May 3, 2013).  Here, as noted above, the BOP has already restored the good conduct time credit which was originally disallowed based upon the finding that petitioner possessed a weapon.  Accordingly, to the extent the Petition seeks restoration of such credit, it is moot and must be dismissed.

### 2.     The Petition Is Otherwise Not Cognizable

The Ninth Circuit recently clarified that a claim challenging prison disciplinary proceedings is cognizable in habeas only if it will "*necessarily* spell speedier release" from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody."  Nettles v. Grounds, 788 F.3d 992, 995 (9th Cir. 2015) (quoting Skinner v. Switzer, 562 U.S. 521 n. 13 (2011) (emphasis added by Nettles) (internal quotation marks omitted by Nettles) (citing Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).  Here, in light of the BOP's restoration of the forty (40) days of good conduct time credit and the absence of any other relief sought which would necessarily spell speedier release from custody, petitioner's claim is no longer cognizable on habeas review and must be dismissed.

### B.     The Petition Is Without Merit

Even assuming the Petition was not subject to dismissal on the foregoing bases, the Court would deny the Petition on its merits.  Petitioner asserts that he was deprived of due process in the disciplinary proceedings because there was insufficient evidence to support the finding of guilt.  The Court disagrees.

Due process in a prison disciplinary hearing requires that there be "some evidence" to support the findings made.  Superintendent, Massachusetts Correctional Institution, Walpole v. Hill ("Hill"), 472 U.S. 445, 457 (1985). Under the "some evidence" standard, the Court does not examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence.  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003); see Castro v.

Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013) (courts do not "examine the entire record, independently assess witness credibility, or reweigh the evidence") (citation and internal quotations omitted). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion." Hill, 472 U.S. at 455-56. Direct evidence is not required, and evidence that is "meager" or indirect may suffice. Id. at 456–57. Moreover, evidence must bear only "some indicia of reliability" to be considered "some evidence." Castro, 712 F.3d at 1314-15 (citation and internal quotations omitted).

Here, the evidence, although not overwhelming, was sufficient to withstand the "some evidence" test and to establish that petitioner at least constructively possessed the razor blade attached to his locker.

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED:   September 18, 2015

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE